UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                                   :
JOHN BARRY                                                         :
                                                                   : **Case No. 01 CIV 0033**
                        Plaintiff,                                 :
                                                                   :
        -against-                                                  :
                                                                   :
THOMAS VON ESSEN, in his official capacity as Fire                 :
Commissioner of the City of New York and in his individual         :
capacity; JOHN LAZZARO, in his official and individual             :
capacities; THOMAS R. RYAN and DONALD BOYCE, in                    :
their individual capacities; and THE CITY OF NEW                   :
YORK,                                                              :
                                                                   :
                        Defendant.                                 :
                                                                   x
------------------------------------------------------------------ X

## MEMORANDUM RULING

Before this Court is a Motion for Summary Judgment [Doc. #62] filed on behalf of defendant, Thomas Von Essen, et al ("the City"), pursuant to Federal Rule of Civil Procedure 56. Plaintiff, John Barry ("Barry"), opposes this motion. For the reasons assigned herein, Defendant's Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**.

## INTRODUCTION

Plaintiff brought this action against his former employer, the City of New York, claiming disability discrimination and refusal to make reasonable accommodations for his disability under the Americans with Disabilities Act of 1990 ("ADA"), New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL"). Plaintiff

1

further claims that he was retaliated against for having spoken out on matters of public concern in violation of the First and Fourteenth Amendments and the New York State Constitution.

## STATEMENT OF FACTS

Plaintiff began working for the New York City Emergency Medical Service ("EMS") as a Call Receiving Officer ("CRO") in the Communications Division in December 1987. In 1989, Plaintiff became the Communication Division's Resources Utilization Coordinator ("RUC"). While RUC, Plaintiff alleges that he was repeatedly asked by John Lazzaro ("Lazzaro"), Chief of the Communications Division, and Thomas Ryan ("Ryan"), Deputy Chief of the Communications Division, to perform personal tasks for Lazzaro and Ryan. Plaintiff also alleges that Lazzaro and Ryan borrowed EMS equipment for their personal use. In May 1994, Plaintiff told Ryan that he would no longer perform personal tasks at work and would no longer remain silent about the personal use of EMS equipment. The following day, Plaintiff was reassigned from the Communications Division to the Notifications Unit. Plaintiff claims he suffered severe emotional distress, developing a post-traumatic stress disorder, from the reassignment. Plaintiff was off work for approximately one month. In June 1994, Plaintiff filed a complaint against the Defendants with the Office of Inspector General. Plaintiff contends that his complaint was never investigated.

Upon his return in June 1994, Plaintiff was reassigned as a CRO. When Plaintiff returned to work, he began logging "dangerous and unsafe" conditions in his daily CRO log. In March 1996, EMS was transferred from the New York City Health and Hospitals Corporation to the Fire Department of New York City (FDNY). In objection to the transfer, Plaintiff produced a video for city council members alleging that public statements made by the Fire Commissioner

2

in support of the FDNY takeover of EMS were false and inaccurate. In June 1996, days after Ryan and Lazarro discovered that Plaintiff was logging dangerous and unsafe conditions in his CRO log, Plaintiff was transferred out of the Communications Division to a field assignment. Upon learning of his transfer, Plaintiff suffered emotional distress, which exacerbated his post traumatic stress disorder. Plaintiff was off work on leave beginning in June 1996. In August 1997, Plaintiff was diagnosed with critical coronary artery disease in three major arteries and a global diffuse and severe cardiomyopathy secondary to hypertension. Plaintiff exhausted his sick and annual leave in December 1996 and remained out on unpaid leave until he was terminated in November 1999.

In March 1998, Defendants began termination proceedings against Plaintiff. A hearing was held in July 1998 before an Administrative Law Judge ("ALJ"). Defendant presented evidence of his heart condition and testified that he was still able to perform the essential functions of a CRO. The Administrative Law Judge ("ALJ") ruled that "an examination of the evidence indicates that respondent can perform the essential functions of his job just as he did before he went out on leave, without undue hardship to petitioner. Accordingly, I recommend that respondent be reinstated to his position in accordance with the provisions of section 73 of the Civil Service Law and the ADA". Plaintiff states that he attempted to contact the Defendants several times about returning to work, but that no one responded to his calls.

A letter dated February 19, 1999 was sent to Plaintiff by Don Boyce ("Boyce"), FDNY's Director of Investigations and Trials, stating that Plaintiff was to report to the Bureau of Health Services on March 22, 1999 for a return to duty physical. The letter also stated that he would be scheduled for a certification refresher course on April 1, 1999 and that he should report to Captain Mark Steffens upon completion of the refresher course. Plaintiff sent a letter to Boyce

dated March 20, 1999 objecting to the reassignment because Captain Mark Steffens was responsible for the Pre-Arraignment Screening program, a field assignment, and Plaintiff believed he was to be reinstated as a CRO in the Communications Division. Plaintiff contends that he would not be able to perform the functions in the Pre-Arraignment Screening position because of his heart condition. In his letter, Plaintiff also stated that he would be unable to report to for the physical exam because the date conflicted with a hearing scheduled in his Workers Compensation case. In addition, Plaintiff claims that he was unable to attend the certification refresher class because it conflicted with his cardiac rehabilitation program.

Every EMT must be certified by the New York State Department of Health and recertified every three years. Plaintiff's certification expired on May 31, 1997, while on medical leave. An EMT is given three opportunities to complete the refresher course. If the EMT fails to complete the course the on the first or second opportunity, he must take the third course on his own time (i.e. without pay) unless he had valid excuses for missing the previous opportunities.

Plaintiff states that he received a phone call on May 20, 1999 telling him to report for a return to duty physical the next day and also that he was scheduled for the refresher course on May, 24, 1999. Plaintiff asserts that he informed Defendants that the course conflicted with his cardiac rehabilitation program, but Defendants refused to reschedule the course. Plaintiff attended the first session of the course, but did not complete the course because he left to attend his rehabilitation appointment. Plaintiff did report for the return to duty physical on May 20, 1999.

In May 1999, Plaintiff states that he was recruited by Theodore Frett ("Frett") for a counseling position with the FDNY. He further states that he was offered the position by

4

Malacky Corrigan when he was interviewed on May 20, 1999, but that the offer was later withdrawn.

Plaintiff received a letter dated September 29, 1999 stating that he was dropped from the May 24, 1999 refresher course due to absence and failed to report to the September 13, 1999 course and that he would be scheduled for another course to be taken on his own time. Plaintiff claims that he was never informed that he was scheduled for a refresher course on September 13, 1999. A letter dated October 15, 1999 was sent to Plaintiff informing him that he was scheduled for the refresher course on November 19, 1999 and that it would be on his own time. The letter also stated that he would be terminated if he failed the course. Plaintiff asserts that he did not attend the November 19, 1999 course because it was a violation of policy to be required to take the course on his own time. A letter dated November 24, 1999 advised Plaintiff that he was terminated as of November 26, 1999.

Defendants have filed a Motion for Summary Judgment stating that the disability discrimination claims should be dismissed because Barry cannot establish that he was "a qualified individual with a disability" because his State EMT certification was expired. Alternatively, the City argues, that even if Barry was qualified, he rejected a reasonable accommodation offered by the New York City Fire Department (FDNY), therefore, the disability discrimination claims should be dismissed.

The Defendants also argue that Barry's First Amendment claims should be dismissed because the alleged retaliation is time barred or a causal connection cannot be established between the alleged speech and the alleged acts of retaliation or alternatively, the alleged speech is not protected by the First Amendment because it did not address a matter of public concern.

## SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56 (c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Id. The court must review the facts drawing all references most favorable to the party opposing the motion. *Baisch v. Gallina*, 346 F.3d 366, 372 (2d Cir. 2003).

The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Citizens Bank of Clearwater v. Hunt*, 927 F.2d 707, 710 (2d Cir. 1991). The moving party need not produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325; *Hunt*, 927 F.2d at 710.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine issue of material fact. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1355-56 (1986). This burden is not satisfied with some metaphysical doubt as to the material facts or by a mere scintilla of evidence. *Powell v. National Bd. Of Medical Examiners*, 364 F.3d 79, 84 (2d Cir.

2004). The non-moving party must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. *Amnesty America v. Town of West Hartford*, 288 F.3d 467, 470 (2d Cir. 2002).

Pursuant to Local Rule 56.1(a), the moving party shall file a short and concise statement of the material facts as to which it contends there is no genuine issue to be tried. Local Rule 56.1(b) requires that a party opposing the motion for summary judgment set forth a short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule. Local Rule 56.1(c).

## LAW AND ANALYSIS

The defendants argue they are entitled to summary judgment on Barry's First Amendment claim because (1) the claims are time barred, (2) the speech is not protected, or alternatively (3) there is no casual connection between the speech and plaintiff's termination of employment. This Court finds that the Plaintiff's claims of retaliation for speaking out on alleged matters of public concerns are time barred.

In §1983 actions, we look to the statute of limitations for personal injury actions in the state in which the alleged constitutional deprivation took place. *See Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997). In New York, the applicable period is three years. *See* N.Y. C.P.L.R. 214(5) (McKinney 2003).

In May 1994, Plaintiff informed Ryan that he would no longer perform personal tasks while at work and that he would no longer remain silent about improper, personal use of EMS

7

equipment. The following day, Plaintiff was reassigned from the Communications Division to the Notifications Unit. In March 1996, Plaintiff produced a video for the New York City council members alleging that public statements that had been made by the Fire Commissioner in support of the FDNY takeover were false and inaccurate. From June 1994 through March 1996, Plaintiff logged dangerous and unsafe conditions in his CRO log. Plaintiff was involuntarily transferred from a CRO assignment to a field assignment in June 1996. The alleged incidents occurred in 1994 and 1996, more than three years prior to Plaintiff filing this complaint.

Plaintiff contends that the disciplinary proceedings that began in 1997, termination proceedings in 1998, failure to accommodate his disability in 1998 through 1999 illustrate "a continuing policy of retaliation" for speaking out on matters of public concern. However the discrete acts of involuntary transfers that occurred after Plaintiff's "speech" on alleged matters of public concern cannot serve as the basis for a continuing violation. *See National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 113-15 (2002). Discrete acts include "termination, failure to promote, denial of transfer, or refusal to hire". *Id.* "[A] job transfer, or discontinuance of a particular job assignment, are not acts of a 'continuing' nature." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir.1997), citing *Malarkey v. Texaco*, 559 F.Supp. 117, 121 (S.D.N.Y.1982), *aff'd*, 704 F.2d 674 (2d Cir.1983).

Plaintiff argues that *Morgan, supra*, is a Title VII case and not a Section 1983 case. This argument lacks merit because the continuing violation doctrine has been applied to claims other than those falling under Title VII. *See Cornwell v. Robinson*, 23 F.3d 694, 703-04 (2d Cir. 1994) (applying continuing violation doctrine to Title VII as well as § 1983 and § 1985 claims), *Jaghory v. New York State Dept. of Educ.*, 131 F.3d 326, 331-32 (2d. Cir. 1997) (acknowledging

that the district court found that the § 1983 claims did not meet the requirements of the continuing violation doctrine, but declining to decide the issue because the alleged violation fell outside the statute of limitations), *Fleming v. New York University*, 865 F.2d 478, 482 (2d Cir. 1989) (applying continuing violation doctrine to Rehabilitation Act claims), *Salgado v. City of New York*, 2001 U.S. Dist. LEXIS 3196, *14 (S.D.N.Y. 2001) (applying continuing violation doctrine to § 1983 and § 1985 claims).

Therefore, the Plaintiff's claims of retaliation for having spoken out on matters of public concern in violation of the First and Fourteenth Amendments and the New York State Constitution for First Amendment are time barred and accordingly, dismissed.

Finding issues of material fact to be tried by a jury, the Defendants' Motion for Summary Judgment on the disability discrimination claims is denied.

Accordingly, Defendant's Motion for Summary Judgment [Doc.# 62] is **GRANTED IN PART** and **DENIED IN PART**.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE